## H. & H. DRILLING CO. et al. v. ROUNSAVILLE et al.

No. 22676. Opinion Filed April 26, 1932.

Clayton B. Pierce and Fred M. Mock, for petitioners.

J. Berry King, Atty. Gen., Anglin & Stevenson, F. E. Chappell, and Burney P. Bodard, for respondents.

RILEY, J. This is an original action commenced in this court to review an award of the State Industrial Commission made in favor of T. N. Rounsaville, herein referred to as claimant, and against petitioner herein.

The accidental injuries were received on April 27, 1930, and while claimant was in the employ of petitioner H. & H. Drilling Company, and engaged in a hazardous occupation, and arose out of and in the course of such employment, and at the time of his injuries claimant's average daily wage was $13. Findings of the Commission to this effect are admitted to be correct.

The State Industrial Commission further found:

"That by reason of said accidental injury the claimant has been temporarily totally disabled from the date of the accident on the 27 of April, 1930, to July 6, 1931.

"That as a result of said accidental injury, claimant's wage-earning capacity thereafter, in the same employment or otherwise, has decreased from $13 per day to $2 per day, by reason of his permanent partial disability."

Claimant had been paid compensation at the rate of $18 per week for 44 weeks computed from May 2, 1930, the end of the five-day waiting period, until March 6, 1931, 44 weeks, or the sum of $792. Compensation was ordered paid from March 6, 1931, to July 7, 1931, at $18 per week, for temporary total disability to that date. Further payment was ordered from July 7, 1931, at the same rate, for a period not exceeding 300 weeks, for permanent partial disability.

Petitioner contends that there is no evidence to support the finding of temporary total disability for the period between March 6, 1931, and July 6, 1931. Compensation was paid voluntarily from May 2, 1930, to December 26, 1930. On January 5, 1931, notice was filed with the Commission that claimant had been pronounced able to return to work by the attending physician, and that payment of compensation had been suspended December 26th. The cause was set for hearing on this notice, and on February 28, 1931, evidence was taken to determine the extent of disability. At that hearing there was evidence tending to show that claimant was unable to perform any manual labor. But expert testimony was given to the effect that further treatment, and possibly an operation, would likely remove the disability.

March 3, 1931, the Commission made a finding that claimant had been and was then temporarily unable to perform manual labor, and compensation was ordered paid from December 26, 1930, to March 3, 1931, and that payment continue until the further order of the Commission. Thereafter, March 17, 1931, petitioner filed a motion to determine necessity for medical treatment, wherein it was alleged that claimant had insisted and demanded that further treatment be furnished, and that, as a result of such demand, petitioner had caused an examination of claimant to be made by Dr. John W. Riley of Oklahoma City, and that Dr. Riley had advised claimant that he did not need medical or surgical treatment and discharged him. A further hearing was ordered and had, commencing March 23, 1931, and continued from time to time until July 7, 1931, at which time the findings and order sought to be reversed were made.

There is no substantial conflict in the evidence. All the witnesses agree that claimant was partially disabled, but was under some circumstances able to perform ordinary common labor.

Petitioners do not contend that there is no evidence to support the finding as to the partial disability. They assert that there is no evidence to show total disability between March 6, and July 7, 1931. In this they are correct. Under the evidence the period of partial disability should be made to begin March 6, 1931, instead of July 6th.

It is further contended that there is no evidence whatever to justify the finding that claimant's wage-earning capacity had been decreased as a result of the accidental injuries from $13 per day to $2 per day. It is asserted that there is not a word of evidence tending to show that claimant's earning capacity had been reduced to $2 per day. This is true, but it does not necessarily follow that the award was erroneous. The uncontradicted evidence is that prior to claimant's injury, he was an oil well driller and tool dresser, capable of and was earning a wage of $13 per day; that as a result of his injuries he could no longer follow that occupation, but at best could only perform "ordinary common labor."

Therefore, in order that petitioner be entitled to a reduction in the amount of weekly compensation below $18 per week, it would be necessary to show that claimant as a common laborer was able to command a wage of more than $8.50 per day. That, it must be conceded, would be a most liberal daily wage for an ordinary common laborer. It will be observed that there is no unconditional order for payment of compensation at $18 per week for the period not to exceed 300 weeks. The order is made subject to reconsideration by the Commission at any time on its own motion, or upon the application of any party in interest. Therefore, at any time petitioners think themselves able to show that claimant is able to earn more than $8.50 per day as a common laborer, or otherwise, they may make an application for a modification of the order.

The finding of the Commission that claimant's total disability did not cease until July 6, 1931, will be and is hereby reversed, and the cause is remanded, with directions to fix the date thereof as of March 6, 1931, and order payment for partial disability to commence from that date. The rate fixed by the Commission for such partial disability is affirmed, subject, of course, to reduction upon application and showing of increased earning capacity of claimant to more than $8.50 per day.

LESTER, C. J., and HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ.,

concur. ANDREWS, J., disqualified. CLARK, V. C. J., and CULLISON, J., absent.

Note.—See under (1), annotation in L. R. A. 1916A, 145, 259; 67 A. L. R. 786; 28 R. C. L. 820; R. C. L. Perm. Supp. p. 6243.